IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

TIMOTHY J. QUINTANILLA,
ANJELO G.Q. KUSTERBECK,
LLEMALT P. TANGELBAD,

Plaintiffs,

vs.

DEPARTMENT OF THE NAVY,
UNITED STATES OF AMERICA;
JOHN DOE INSURANCE CARRIER TO
BE NAMED AFTER DISCOVERY;
and DOES 1-10, Inclusive,

Defendants.

CIVIL CASE NO. 16-00076

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. ' 2677

It is hereby stipulated by and between Plaintiffs Timothy J. Quintanilla, Angelo G. Q. Kusterbeck, and Llemalt P. Tangelbad (collectively "Plaintiffs"), and the Defendant, United States of America[1], by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims pursuant to 28 U.S.C. § 2677 ("Settlement Agreement").

2. The United States of America agrees to pay the total sum of TWENTY-TWO THOUSAND FORTY DOLLARS ($22,040), apportioned as follows:

    Plaintiff Quintanilla: $8,520
    Plaintiff Kusterbeck: $8,020
    Plaintiff Tangelbad: $5,500

---

[1] The only proper defendant in a Federal Tort Claims Act case is the United States of America. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995).

which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this Settlement Agreement, including any claims for wrongful death, for which Plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Settlement Agreement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This Settlement Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents,

servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by Plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event that Plaintiffs are minors or legally incompetent adults, Plaintiffs must obtain Court approval of the settlement at their expense. Plaintiffs agree to obtain such approval in a timely manner, time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such Court approval, the entire Settlement Agreement and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by three checks drawn on the Treasury of the United States for a total of TWENTY-TWO THOUSAND FORTY DOLLARS ($22,040), apportioned as reflected in paragraph 2, and made payable to Plaintiffs, respectively, and Mark E. Williams, Plaintiffs' attorney. The check will be mailed to Plaintiffs' attorney at the following address: P.O. Box 21298, GMF 96921. Plaintiffs' attorney agrees to distribute the settlement proceeds to Plaintiffs, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

9. The parties agree that this Settlement Agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. ' 552a(b).

10. It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 3rd day of ~~February~~ April, 2017.

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and the NMI

By: _____
MIKEL W. SCHWAB
JESSICA F. CRUZ
Assistant U.S. Attorneys
*Attorneys for Defendant United States of America*

Executed this 7th day of ~~February~~ March, 2017.

_____
TIMOTHY J. QUINTANILLA
*Plaintiff*

Executed this 6 day of ~~February~~ March, 2017.

_____
ANJELO G. Q. KUSTERBECK
*Plaintiff*

Executed this 6th day of ~~February~~ March, 2017.

*[signature]*
LLEMALT P. TANGELBAD
*Plaintiff*

*Approved as to form and content:*

LAW OFFICE OF MARK WILLIAMS, P.C.

Dated: 3/6/17

*[signature]*
MARK E. WILLIAMS, ESQ.
*Attorney for Plaintiffs*